348 So.2d 352 (1977)
Kenneth Lane WINSLOW, M.D. (Licensee), Petitioner,
v.
DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATION and State of Florida Board of Medical Examiners, Respondents.
No. FF-97.
District Court of Appeal of Florida, First District.
July 11, 1977.
Rehearing Denied August 18, 1977.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for petitioner.
Michael Schwartz of Slepin & Schwartz, Tallahassee, for respondents.
PER CURIAM.
Petitioner files his petition for writ of certiorari from an order of the Board revoking his license to practice medicine in this state. The petition is treated by us as a petition for review of administrative action as provided by Section 120.68, Florida Statutes (Supp. 1976). Petitioner raises three points seeking reversal, none of which is of merit. One point does however require extensive comment: He alleges that he was denied due process by (1) the legal advisor to the Board serving also as prosecutor and (2) the hearing officer serving also as a member of the Board. At the outset we note that the hearing officer recused himself from any of the proceedings at the final hearing which culminated in the revocation of petitioner's license. Moreover, Section 120.57(1)(b)(11), Florida Statutes (1975), allows a hearing officer to participate in the formulation of the agency's final order if he has completed all his duties as hearing officer.
In Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), the United States Supreme Court held there was no unconstitutional infirmity in a Wisconsin statute which empowered a medical examining board to act both as an investigative and adjudicative body. The following comments by the Court are especially instructive:

*353 "The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry. It must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individual poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." 421 U.S. at 47-48, 95 S.Ct. at 1464.
The court continued at 421 U.S. 55, 95 S.Ct. 1468:
"The mere exposure to evidence presented in nonadversary investigative procedures is insufficient in itself to impugn the fairness of the Board members at a later adversary hearing. Without a showing to the contrary, state administrators `are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.' United States v. Morgan, 313 U.S. 409, 421, 61 S.Ct. 999, 85 L.Ed. 1429 (1941)."
Additionally the record shows that petitioner consented to an informal proceeding under Section 120.57(2). Subsection two, unlike subsection one, pertaining to formal proceedings, does not require that a hearing officer from the Division of Administrative Hearings of the Department of Administration be assigned to conduct an informal hearing. There was then no statutory requirement that the hearing officer, who was also a member of the Board, not participate.
The record reflects also that petitioner was afforded adequate notice of the hearing. Petitioner fails to show any abuse of discretion by the hearing officer's refusal of the motion to continue the hearing made by petitioner's attorney at the hearing.
Finally the evidence in support of that order of revocation was both competent and substantial.
The petition for review is denied.
BOYER, Acting C.J., and MILLS and ERVIN, JJ., concur.